IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRIAN TAYLOR,
    Petitioner,

v.                                       Case No. 5:07cv143/RS/MD

WALTER A. MCNEIL,[1]
    Respondent.
_____

**ORDER and**
**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 4). Respondent has filed a motion to dismiss the petition as time barred, providing relevant portions of the state court record. (Doc. 10). Petitioner has filed a response. (Doc. 12). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

**BACKGROUND AND PROCEDURAL HISTORY**

On May 7, 1999 petitioner entered a counseled no contest plea to five counts of Robbery and one count of Attempted Robbery in the Circuit Court of Leon County,

---

[1]Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed.R.Civ.P. 25(d)(1).

Florida, case number 98-3341.  (Doc. 10, App. 1, Ex. B at 32; *see also* Doc. 1, p. 3).[2] That same day, he also entered a counseled no contest plea to one count of Robbery in Leon County case number 98-3393.  (*Id.*).  The court adjudicated him guilty on all counts and sentenced him as a Prison Releasee Reoffender to 15 years of imprisonment on each Robbery count, and a 5-year term of imprisonment for the Attempted Robbery.  (*Id.*).  All of the sentences are concurrent with one another. Petitioner did not appeal his convictions and sentences.  (App. 1, Ex. A).    On April 17, 2000 petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  (App. 1, Ex. B at 16-29).  The motion was denied on August 10, 2001.  (*Id.*, Ex. B at 32-34).  The Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on April 1, 2002. *Taylor v. State*, 814 So.2d 1035 (Fla. Dist. Ct. App. 2002) (Table) (copy at Ex. C).  The mandate issued on April 29, 2002.  (App. 1, Ex. D at 44).

On January 31, 2005 petitioner filed a motion for clarification in the trial court. (App. 2, Ex. E at 4-8).  The trial court denied the motion on March 30, 2005.  (Ex. E at 9).

On June 7, 2006 petitioner field a second motion to correct illegal sentence pursuant to Rule 3.800(a).  (App. 2, Ex. E at 10-23).  The trial court denied the motion on June 14, 2006.  (*Id.*, Ex. E at 24-26).  The First DCA affirmed the denial order without written opinion on October 12, 2006.  *Taylor v. State*, 940 So.2d 430 (Fla. Dist. Ct. App. 2006) (copy at App. 3, Ex. H at 17).  The mandate issued on November 8, 2006.  (App. 4 at 1).

Petitioner filed a federal habeas corpus petition in this court on June 8, 2007. (Doc. 1).  He filed an amended petition on July 11, 2007.  (Doc. 4).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

---

[2]Hereafter, all references to appendices and exhibits will be to those provided at Doc. 10, unless otherwise noted.

*Case No: 5:07cv143/RS/MD*

AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction and sentences, they became final for purposes of § 2244(d)(1) on June 7, 1999, which is thirty days after rendition of the judgment.[3] *See* FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are

---

[3] June 6, 1999 was a Sunday.

not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires). Thus, the federal habeas statute of limitations began to run on that date.

The limitations period ran for 314 days until April 17, 2000, when petitioner filed his first Rule 3.800(a) motion in state court. That motion was pending (and tolled the limitations period) from April 17, 2000 (the date is was filed) until April 29, 2002 (the date the First DCA issued the mandate on petitioner's appeal of the order denying relief).[4] The limitations clock began to run once more on April 29, 2002 and expired 51 days later on June 19, 2002. As the habeas petition in this case was not filed until June 8, 2007, it is untimely.

Petitioner concedes that his petition is untimely. (Doc. 12). He does not assert that equitable tolling applies or that he is actually innocent. Rather, he contends that AEDPA's one-year limitations period violates the Suspension Clause, arguing as follows:

> [P]etitioner avers that this Court should deny the Respondents motion to dismiss because, application of the time limitation under 2244(d) would constitute an unconstitutional suspension of the Writ of Habeas Corpus in violation of Article I, 9, c. 2, of the United States Constitution. . .
>
> Here, Petitioner alleges that he was denied Due Process because he was illegally sentenced as an Prisoner Releasee Reoffender (PRR), pursuant to section 775.082(9), Fla. Stat. (1997), in violation of the prohibition against 'ex post Facto' of Article I, 9, cl. 3, U.S.C. That is, because he was released from prison on May 1, 1997, prior to the effective date of the PRR statute, on May 30, 1997, he was never before noticed of its punitive effect and therefore should not have been sentenced as such.
>
> Moreover, Petitioner argues that because Florida State Law authorizes correction of illegal sentences, pursuant to rule 3.800(a),

---

[4] *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

> **Florida Rules of Criminal Procedure, to be filed at any time, application of the time limitations under 2244(d), will operate as a unconstitutional Suspension of the Writ of Habeas Corpus and, serve only to continue his illegal detention.**

(Doc. 12).

In *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213 (11th Cir. 2000), the Eleventh Circuit held that the one-year limitations period for filing an initial federal habeas corpus petition does not amount to suspension of the writ. *Id.*, at 1217 ("[A]s a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus."); *see also Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001) (explaining the holding in *Wyzykowski*, and further holding that the availability of equitable tolling ensures that § 2244's limitation is constitutionally applied). As the Eleventh Circuit explained in *Tinker, supra*:

> The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Despite this restriction, the Supreme Court has held that "judgments about the proper scope of the writ are 'normally for Congress to make.'" *Felker v. Turpin*, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996)). In *Swain v. Pressley*, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Id.* at 381, 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411.

*Id.*, 255 F.3d at 1334 n. 2; *see also Johnson v. United States*, 340 F.3d 1219, 1228 n. 8 (11th Cir. 2003) ("AEDPA limitations periods do not *per se* constitute a suspension of the writ."), *aff'd*, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005). Based on the foregoing, petitioner's first contention must fail.

Petitioner's second argument is also foreclosed by Eleventh Circuit precedent. In *Tinker v. Moore, supra*, the petitioner argued that if his petition was time-barred, § 2244(d) was unconstitutional as applied to him because it forced him to choose

between exercising his right to meaningful access to the state courts which provide a two-year limitation period and the right to petition for federal habeas relief. *Id.*, at 1334. The Eleventh Circuit rejected that argument as follows:

> By virtue of statute, [a Florida prisoner] is provided both a state and federal forum in which to seek post-conviction relief. Despite his argument to the contrary, he need not forego his state remedy entirely in order to avail himself of the federal remedy. However, he must exercise it within one year of the date his judgment became final and do so in a manner that leaves him sufficient time to timely file his federal petition.

*Id.*, at 1334-35; *see also Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("[O]ur precedent provides that federal habeas petitioners who rely upon the timeliness of state post-conviction proceedings to satisfy the requirements of AEDPA do so at their peril."); *Howell v. Crosby*, 415 F.3d 1250, 1251-52 (11th Cir. 2005) (holding that § 2254 petitioner whose state post-conviction petition was timely filed pursuant to an extension of time granted by state court but which was filed more than one year after his conviction became final under § 2244(d)(1)(A) was entitled to neither statutory nor equitable tolling).

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has failed to show that the collateral remedy authorized by AEDPA is inadequate or ineffective for him to test the legality of his confinement; therefore, his reliance on the Suspension Clause to evade the one-year AEDPA limitations period must fail.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 10) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 4) challenging the convictions and sentences in *State of Florida v. Brian Taylor*, in the Circuit Court

of Leon County, Florida, case numbers 98-3341 and 98-3393, be DISMISSED WITH PREJUDICE.

    3.  That the clerk be directed to close the file.

At Pensacola, Florida this 27th day of March, 2008.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**